**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE AEP STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 2:21-cv-163<br>Member Case No. 2:21-cv-1611<br>Chief Judge Sarah D. Morrison |

**FINAL ORDER AND JUDGMENT APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for a hearing, pursuant to the Order of this Court dated June 28, 2024 ("Preliminary Approval Order"), on Plaintiffs' motion for final approval of the settlement set forth in the Stipulation and Agreement of Settlement, dated April 30, 2024 (the "Settlement"). Due and adequate notice having been given of the Settlement, as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Order and Judgment incorporates by reference the definitions in the Settlement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement (in addition to those capitalized terms defined herein).

2. This Court has jurisdiction over the subject matter of the Ohio Federal Action, including all matters necessary to effectuate the Settlement, and

over all parties to the Settlement, the Derivative Actions, and the Litigation Demand, including, but not limited to, Plaintiffs, American Electric Power Co., Inc. ("AEP"), all current AEP stockholders, and the Individual Defendants. The Settling Parties expressly submit to the jurisdiction of this Court for purposes of approving and enforcing the Settlement.

3. The Court finds that the notice of the Settlement provided to AEP stockholders and all persons entitled to such notice was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4. This consolidated action and all claims contained herein, as well as all of the Released Claims which could have been asserted in this consolidated action, are dismissed with prejudice. Pursuant to the terms of the Settlement, all other Released Claims are released and permanently barred. Plaintiffs, AEP stockholders, the Individual Defendants, and AEP are all to bear their own costs, except as otherwise provided in the Settlement.

5. The Court finds that the terms of the Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Settlement in all respects. The Court orders the Settling Parties to perform the terms of the Settlement to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in ¶ 18 of the Settlement, Plaintiffs, on behalf of themselves and the Current Stockholders, and the Company

shall be deemed to have, and by operation of law and of the Final Order and Judgment, shall have, fully, finally, and forever discharged, relinquished, settled, and released any and all of the Released Plaintiffs' Claims against each and all of the Released Defendants' Persons, and shall forever be barred and enjoined from commencing, instituting, or prosecuting any action or proceeding in any court, tribunal, or forum asserting any of the Released Plaintiffs' Claims against any of the Released Defendants' Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Settlement.

7. Upon the Effective Date, as defined in ¶ 18 of the Settlement, the Individual Defendants and the Company shall be deemed to have, and by operation of law and of the Final Order and Judgment, shall have, fully, finally, and forever discharged, relinquished, settled, and released any and all of the Released Defendants' Claims against each and all of the Released Plaintiffs' Persons, and shall forever be barred and enjoined from commencing, instituting, or prosecuting any action or proceeding in any court, tribunal, or forum asserting any of the Released Defendants' Claims against any of the Released Plaintiffs' Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Settlement.

8. The Settling Parties will cooperate fully with one another and use best efforts to obtain the occurrence of the events necessary to trigger the Effective Date. Also, while final approval of the Settlement and triggering of the Effective Date has not yet occurred, the Settling Parties shall not prosecute any of the

Derivative Actions or the Litigation Demand and will oppose any such prosecution by any non-Settling Party, except to take any steps necessary to effectuate the Settlement. The Settling Parties will work collaboratively and in good faith if any joint motion for a stay is denied while any other deadline is approaching or coming due.

9. The Court hereby approves the Fee and Expense Amount in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00) in accordance with the Settlement and finds that such fee is fair, reasonable, and adequate in light of the substantial benefit conferred upon AEP by the Settlement.

10. The Court hereby also approves a service award of Two Thousand Five Hundred Dollars ($2,500.00) for each of the Plaintiffs to be paid solely out of the Fee and Expense Amount. Neither AEP nor any of the Individual Defendants shall be liable for any portion of any service award.

11. Neither the Settlement, including the Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Defendants' Persons or AEP; or (b) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Defendants' Persons or AEP in any civil, criminal, administrative, or other proceeding in any

court, administrative agency, tribunal, or other forum. The Settlement shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Defendants' Persons may file or use the Settlement, or the Final Order and Judgment, in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. During the course of the Derivative Actions and Litigation Demand, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar laws relating to the institution, prosecution, defense of, or settlement of the Derivative Actions and Litigation Demand.

13. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the parties to the Settlement to enter any further orders as may be necessary to effectuate, implement, and enforce the Settlement provided for therein and the provisions of this Final Order and Judgment. As set forth in the Settlement, within ten (10) business days of final approval of the Settlement by this Court, (a) Plaintiff Jones shall move to dismiss the Ohio State Action with prejudice, which motion shall be unopposed by the Individual Defendants and the Company; (b) Plaintiff Jones shall file the Ohio State Action Proposed Dismissal Order with the Ohio

State Court; and (c) Plaintiff Reese shall move the United States Court of Appeals for the Sixth Circuit to dismiss the Appeal with prejudice, which motion shall be unopposed by the Individual Defendants and the Company.

14. This Final Order and Judgment is a final and appealable resolution of the Ohio Federal Action as to all claims, and the Court directs immediate entry of the Final Order and Judgment forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58, dismissing this consolidated action with prejudice.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**